NORRIS, McLAUGHLIN & MARCUS, P.A.
721 Route 202-206
P.O. Box 5933
Bridgewater, New Jersey 08807
908-722-4590
Attorneys For Defendant
USA FLOODAIR VENTS, LTD.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMART VENT PRODUCTS, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>USA FLOODAIR VENTS, LTD.,<br><br>*Defendant.* | CIVIL ACTION NO.:<br>**10-cv-00168 (JBS)(KMW)**<br><br>**ANSWER TO FIRST<br>AMENDED COMPLAINT,<br>AFFIRMATIVE DEFENSES<br>AND COUNTERCLAIMS** |

## DEFENDANT USA FLOODAIR VENTS, LTD'S ANSWER
## TO PLAINTIFF SMART VENT PRODUCTS, INC.'S FIRST AMENDED COMPLAINT,
## AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, USA FLOODAIR VENTS, LTD., (hereinafter referred to as "USA

FLOODAIR"), by way of answer to the First Amended Complaint of Plaintiff, SMART VENT

PRODUCTS, INC., (hereinafter referred to as "SMART VENT"), alleges and states the

following:

## PARTIES

1.      USA FLOODAIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves SMART VENT to its proofs.

2.      The allegations contained in this paragraph are admitted.

## JURISDICTION AND VENUE

3.      The allegations contained in this paragraph are admitted.

4.      The allegations contained in this paragraph are admitted.

## FACTS

5.      USA FLOODAIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves SMART VENT to its proofs.

6.      USA FLOOD is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves SMART VENT to its proofs.

7.      The allegations contained in this paragraph are admitted.

8.      The allegations contained in this paragraph are admitted.

9.      USA FLOODAIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves SMART VENT to its proofs.

10.      The allegations contained in this paragraph are admitted.

11.      The allegations contained in this paragraph are denied.

12.      USA FLOODAIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves SMART VENT to its proofs.

13.      The allegations contained in this paragraph are admitted.

2

14.         The allegations contained in this paragraph are denied.

15.         The allegations contained in this paragraph are denied.

16.         The allegations contained in this paragraph are denied, except that USA FLOODAIR admits that it has engaged engineers who are licensed in different states and that these engineers have provided certificates of compliance stating:

> "I do certify the USA FLOOD/ AIR FOUNDATION FLOOD VENTS openings are designed for installation in buildings to meet the FEMA, NFIP, and ICC code requirements for the equalizing of hydrostatic flood forces on exterior walls by allowing for the automatic entry and exit of floodwater during floods up to and including the base (100 year) flood.

> One USA FLOOD/ AIR VENT, with its single door and frame of double door and frame, will provide sufficient hydrostatic pressure equalization during a flood. Each vent will cover 250 square feet of enclosed building area as per FEMA, NFIP, or ICC instructions and calculations.

> I further certify that the breakaway door tested releases under less the required 20 lbs. of hydraulic pressure."

17.         The allegations contained in this paragraph are denied except that at a trade show in September 2009, USA FLOODAIR displayed a sign stating "FEMA, ICC and NFIP State Engineered Certified Compliant vents".

18.         The allegations contained in this paragraph are admitted.

19.         USA FLOODAIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves SMART VENT to its proofs.

20.         The allegations contained in this paragraph are admitted.

21.         The allegations contained in this paragraph are admitted

22.         The allegations contained in this paragraph are denied.

**COUNT I**

3

23.          The allegations contained in this paragraph are denied, except that SMART VENT has brought this action alleging infringement of U.S. Patent No. 5,944,445 (the '445 Patent).

24.          USA FLOODAIR is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves SMART VENT to its proofs.

25.          The allegations contained in this paragraph are denied.

26.          The allegations contained in this paragraph are denied.

27.          The allegations contained in this paragraph are denied.

28.          The allegations contained in this paragraph are denied.

29.          The allegations contained in this paragraph are denied.


WHEREFORE, USA FLOODAIR denies that SMART VENT is entitled to any relief requested against USA FLOODAIR and requests judgment dismissing the Complaint with prejudice and with costs to USA FLOODAIR.


## COUNT II

30.          USA FLOODAIR hereby incorporates the responses of paragraphs 1-29 of this Answer by reference as if set forth fully herein.

31.          The allegations contained in this paragraph are denied, except that SMART VENT has made certain allegations under 15 U.S.C. § 1125(a)(1)(B).

32.          The allegations contained in this paragraph are denied.

33.          The allegations contained in this paragraph are denied.

34.      The allegations contained in this paragraph are denied.

35.      The allegations contained in this paragraph are denied.

36.      The allegations contained in this paragraph are denied

37.      The allegations contained in this paragraph are admitted

38.      The allegations contained in this paragraph are denied.


WHEREFORE, USA FLOODAIR denies that SMART VENT is entitled to any relief requested against USA FLOODAIR and requests judgment dismissing the complaint with prejudice and costs.


## COUNT III

39.      USA FLOODAIR hereby incorporates the responses of paragraphs 1-38 of this Answer by reference as if set forth fully herein.

40.      The allegations contained in this paragraph are denied, except that SMART VENT has made certain allegations under N.J.S.A. §§ 56:4-1 and 56:4-2.

41.      The allegations contained in this paragraph are denied.

42.      The allegations contained in this paragraph are denied.

43.      The allegations contained in this paragraph are denied.

44.      The allegations contained in this paragraph are denied.

45.      The allegations contained in this paragraph are denied.

46.      The allegations contained in this paragraph are denied.

WHEREFORE, USA FLOODAIR denies that SMART VENT is entitled to any relief requested against USA FLOODAIR and requests judgment dismissing the complaint with prejudice and costs.

## COUNT IV

47.        USA FLOODAIR hereby incorporates the responses of paragraphs 1-46 of this Answer by reference as if set forth fully herein.

48.        The allegations contained in this paragraph are denied, except that SMART VENT has made certain allegations under New Jersey common law.

49.        The allegations contained in this paragraph are denied.

50.        The allegations contained in this paragraph are denied.

51.        The allegations contained in this paragraph are denied.

52.        The allegations contained in this paragraph are denied.

53.        The allegations contained in this paragraph are denied.

54.        The allegations contained in this paragraph are denied.

55.        The allegations contained in this paragraph are denied.

56.        The allegations contained in this paragraph are denied.

57.        The allegations contained in this paragraph are denied.


WHEREFORE, USA FLOODAIR denies that SMART VENT is entitled to any relief requested against USA FLOODAIR and requests judgment dismissing the complaint with prejudice and costs.

6

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At least some of the claims of the '445 Patent are, upon information and belief, invalid, void and unenforceable for failing to comply with the requirements of Title 35 United States Code, including, but not limited to §§102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE

USA FLOODAIR has not infringed and is not now infringing any claims of the '445 Patent.

## FOURTH AFFIRMATIVE DEFENSE

SMART VENT sells, offers to sell and has sold flood vents which SMART VENT alleges fall within the scope of the '445 Patent.

SMART VENT has fixed labels to the flood vents which it sells, including information about the flood vents, e.g. model number.

SMART VENT has not fixed the word "patent" or the abbreviation "pat", together with patent number 5,944,445 to any of the flood vents which SMART VENT alleges fall within the scope of at least one claim of the '445 patent.

SMART VENT has not fixed the word "patent" or the abbreviation "pat", together with patent number 5,944,445 to all of the flood vents which SMART VENT alleges

fall within the scope of at least one claim of the '445 patent and which SMART VENT has sold since August 31, 1999, the issuance date of the '445 Patent.

During the time period of the alleged infringement of the '445 Patent by USA FLOODAIR, SMART VENT did not comply with the patent marking provisions of 35 U.S.C. §287.

## FIFTH AFFIRMATIVE DEFENSE

SMART VENT's claims for any possible right to recovery of damages occurring prior to the filing of this lawsuit are barred by laches.

JOHN BERGAGLIO, JR., the founder of USA FLOODAIR VENTS was the individual responsible for and most knowledgeable about the conception, design and development of USA FLOODAIR's allegedly infringing products.

SMART VENT was fully aware of USA FLOODAIR flood vents at least as early as January 2007 since JOHN BERGAGLIO, JR. showed them to Michael Graham of SMART VENT.

SMART VENT allegedly accused USA FLOODAIR of patent infringement on or about January 2007.

SMART VENT then waited three years until January 12, 2010 and after the passing of JOHN BERGAGLIO, JR. before filing this lawsuit alleging infringement of its patent.

USA FLOODAIR is unable to present a full and fair defense as a result of the unavailability of JOHN BERGAGLIO, JR., the individual most knowledgeable about the conception and design of USA FLOODAIR's allegedly infringing products.

8

During the three years between SMART VENT learning of USA FLOODAIR's products and the filing of this lawsuit, USA FLOODAIR made substantial investments of time and money in refining and extending its product line, as well as in marketing its flood vent products.

SMART VENT's unreasonable and inexcusable delay in filing suit after being presented with the alleged infringing design has operated to the material prejudice and injury of USA FLOODAIR; therefore SMART VENT's claims for past damages are barred by laches.

Furthermore, on June 22, 2011, Paul Reimer, an engineer engaged by USA FLOODAIR and licensed to practice in the states of Alabama, Colorado, Connecticut, Delaware, Maryland, Massachusetts, Michigan, Ohio, Oregon, Pennsylvania, Virginia, Washington and West Virginia, passed away.  SMART VENT's unreasonable and inexcusable delay has operated to the material prejudice and injury of USA FLOODAIR.

### SIXTH AFFIRMATIVE DEFENSE

SMART VENT's claims and any possible right to recover are barred by equitable estoppel.

USA FLOODAIR incorporates by reference herein all statements set forth in its Fifth Affirmative Defense.

After allegedly informing USA FLOODAIR that USA FLOODAIR's flood vent products infringed its patent in about January 2007, SMART VENT did not mention patent infringement to USA FLOODAIR for three years.

USA FLOODAIR reasonably relied upon SMART VENT's silence to believe that there was no assertion of infringement of SMART VENT's patent-in-suit.

SMART VENT, through its misleading silence, led USA FLOODAIR to reasonably believe that SMART VENT did not intend to assert the '445 patent against USA FLOODAIR.

USA FLOODAIR relied on SMART VENT's silence and made substantial investments of time and money in refining and extending its product line, as well as in marketing its flood vent products.

Due to USA FLOODAIR's reliance on SMART VENT's misleading silence, USA FLOODAIR would be materially prejudiced if SMART VENT were permitted to proceed with its charge of infringement.

USA FLOODAIR would suffer material evidentiary and economic harm if SMART VENT is now permitted to assert a claim inconsistent with its earlier conduct; therefore it's claims should be dismissed on the grounds of equitable estoppel.

## COUNTERCLAIMS

Defendant/ Counterclaim Plaintiff USA FLOODAIR VENTS, LTD. by way of counterclaim against Plaintiff/Counterclaim Defendant SMART VENT, INC. states as follows:

## COUNT ONE: INVALIDITY

1.        USA FLOODAIR is a corporation of the State of New York having its principal place of business at 56 West Main Street, Kings Park, New York 11754.

10

2.        SMART VENT is, according to the allegations of the Complaint, a corporation of the State of Delaware with a principal place of business at 450 Andbro Drive, Pitman, New Jersey 08071.

3.        This counterclaim is a compulsory counterclaim arising out of the transactions and occurrences set forth in the Complaint.

4.        An actual controversy exists between USA FLOODAIR and SMART VENT as to the validity, infringement, and enforceability of U.S. Patent No. 5,944,445 (the '445 Patent).

5.        Some or all of the claims of the '445 patent are invalid, void, and unenforceable for failing to comply with the requirements of at least one of 35 U.S.C. §§ 102, 103 and 112.

## COUNT TWO: NON-INFRINGEMENT

6.        USA FLOODAIR repeats each and every allegation contained in its Answer and Counterclaims and makes same a part hereof as if set forth at length.

7.        USA FLOODAIR has not infringed and is not now infringing any claims of the '445 Patent.

## COUNT THREE: DISPARAGEMENT

8.        USA FLOODAIR repeats each and every allegation contained in its Answer and Counterclaims and makes same a part hereof as if set forth at length.

9.        USA FLOODAIR started selling flood vents in around 2006.

10.        The USA FLOODAIR flood vents openings are designed for installation in buildings to meet the FEMA, NFIP and ICC code requirements for the equalizing of hydrostatic

11

flood forces on exterior walls by allowing for the automatic entry and exit of floodwater during floods up to and including the base (100 year) flood.

11.      At least one professional engineer has certified that USA FLOODAIR flood vents comply with FEMA regulations.

12.      At least one professional engineer has certified that USA FLOODAIR flood vents comply with NFIP code requirements.

13.      At least one professional engineer has certified that USA FLOODAIR flood vents comply with ICC code requirements.

14.      SMART VENT has been aware of USA FLOODAIR flood vent products since about 2006.

15.      SMART VENT has been trying to thwart legitimate competition from USA FLOODAIR since at least 2007.

16.      On information and belief, SMART VENT knew that a professional engineer had certified that USA FLOODAIR flood vents complied with FEMA regulations.

17.      On information and belief, SMART VENT knew that a professional engineer had certified that USA FLOODAIR flood vents complied with NFIP code requirements.

18.      On information and belief, SMART VENT knew that a professional engineer had certified that USA FLOODAIR flood vents complied with ICC code requirements.

19.      SMART VENT has made false disparaging comments about USA FLOODAIR's flood vents to potential and/or actual customers of USA FLOODAIR.

20.      SMART VENT advertises, promotes its products and makes assertions about flood vents sold by other companies on its website, www.smartvent.com.

21.     SMART VENT has falsely asserted that USA FLOODAIR's flood vents do not comply with any codes.

22.     SMART VENT has asserted on its website that SMART VENT flood vents are "The Only Code Compliant Foundation Flood Vent." A printout of a page from SMART VENT's website is attached as Exhibit A.

23.     Flood vents sold by USA FLOODAIR comply with at least one code.

24.     SMART VENT's statement on its website to the effect that USA FLOODAIR flood vents do not comply with any codes is false.

25.     SMART VENT's statement on its website to the effect that USA FLOODAIR flood vents do not comply with any codes was made recklessly.

26.     On information and belief, SMART VENT's statement on its website to the effect that USA FLOODAIR flood vents do not comply with any codes was made without testing all of USA FLOODAIR's flood vents.

27.     All of USA FLOODAIR flood vents have been approved by local building code inspectors in multiple jurisdictions in the United States.

28.     SMART VENT's false and disparaging statements are intended to influence potential purchaser's buying decisions.

29.     SMART VENT's false and disparaging statements are material to customers.

30.     SMART VENT's false and disparaging statements have caused USA FLOODAIR to suffer financial damages.

31.     SMART VENT's false and disparaging statements have caused USA FLOODAIR to lose sales to established and prospective customers.

13

32.        SMART VENT's false and disparaging statements have caused USA FLOODAIR to lose goodwill regarding established and prospective customers.

33.        If SMART VENT is not enjoined from making false and/disparaging statements about the products sold by USA FLOODAIR, USA FLOODAIR will continue to suffer additional financial harm.

### COUNT FOUR: TORTIOUS INTERFERENCE WITH CONTRACT

34.        USA FLOODAIR repeats each and every allegation contained in its Answer and Counterclaims and makes same a part hereof as if set forth at length.

35.        In early 2007, USA FLOODAIR had an agreement with a NYS licensed, professional engineer, Robert Bennett.

36.        Robert Bennett certified that vents sold by USA FLOODAIR complied with various applicable codes.

37.        Robert Bennett also provided certificates for use by USA FLOODAIR's customers attesting that USA FLOODAIR vents met applicable codes.

38.        On information and belief, SMART VENT knew about the business relationship between USA FLOODAIR and Robert Bennett.

39.        On information and belief, SMART VENT knew about the agreement between USA FLOODAIR and Robert Bennett.

40.        On information and belief, in about July-August 2007, SMART VENT, its agents, and/or others acting on its behalf, contacted Robert Bennett and threatened him with a lawsuit if he continued providing professional engineering services for USA FLOODAIR.

41.      On information and belief, SMART VENT did not have reasonable grounds to threaten Robert Bennett with a lawsuit.

42.      As a direct result of SMART VENT's contact with Robert Bennett, Robert Bennett stopped providing professional services to USA FLOODAIR.

43.      USA FLOODAIR suffered financial damages as a direct result of SMART VENT's threat to Robert Bennett.

## COUNT FIVE: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

44.      USA FLOODAIR repeats each and every allegation contained in its Answer and Counterclaims and makes same a part hereof as if set forth at length.

45.      For the foregoing reasons, on information and belief, SMART VENT has tortiously interfered with USA FLOODAIR's prospective business relationships by making false and disparaging statements.

46.      USA FLOODAIR has been injured as a result of SMART VENT's conduct.

WHEREFORE, Defendant/Counterclaim Plaintiff USA FLOODAIR prays that this Court:

a)      Dismiss the Complaint with prejudice;

b)      Order, adjudge and decree that U.S. Patent No. 5,944,445 is invalid, void, and unenforceable.

c)      Order, adjudge and decree that USA FLOODAIR has not and does not infringe any claim of U.S. Patent No. 5,944,445;

15

d)      Award USA FLOODAIR damages, including but not limited to lost profits, which it suffered as a result from the disparagement and tortious interference;

e)      Award USA FLOODAIR its costs and attorneys' fees in this action; and

f)      Grant USA FLOODAIR such other and further relief as the Court deems just.

Date: December 2, 2011                Respectfully submitted,

                                      NORRIS, McLAUGHLIN & MARCUS, P.A.
                                      Attorneys for Defendant/Counterclaimant
                                      By: /s/ Robert Mahoney
                                          Robert Mahoney

Of Counsel
Daniel P. Burke
DANIEL P. BURKE & ASSOCIATES, PLLC
240 Townsend Square
Oyster Bay, New York 11788
(516) 802-0560
Fax: (516) 802-0562

**EXHIBIT A**
**TO DEFENDANT USA FLOODAIR VENTS, LTD'S**
**ANSWER TO PLAINTIFF SMART VENT PRODUCTS,**
**INC.'S FIRST AMENDED COMPLAINT, AFFIRMATIVE**
**DEFENSES AND COUNTERCLAIMS**



Home

New!
SMART VENT® Blog

Continuing Education
Earn AIA/CES Credits

Insurance Forms
& Certification

Live Smartvent Demo

Architects/Spec

Code Officials

Contractors

F.A.Q.

Homeowners

Insurance Agents

Realtors &
Home Inspectors

Surveyors

We're Green:
Green Resources

 



Flood Vent Catalog    Where To Buy    Find An Installer    About Us    Info Center    Contact    Media

Architects, Builders, Code Officials and Homeowners are all turning to SMART VENT® automatic foundation flood vents to protect homes from the devastation and destruction that a hurricane, flood or other natural disaster can cause. SMART VENTS foundation flood vent is uniquely designed to provide both flood protection and ventilation in these instances and is the only vent certified to meet the requirements as set forth by FEMA and the NFIP for all homes or buildings located in a floodplain.

Web Design: MG MEDIA. LLC.